Good morning, Your Honors. May I please support Brian Long on behalf of Appellants, Residence Inn. Raise your voice a little bit, or maybe raise the mic a bit. It wasn't a comment on your posture. It's just that we can't hear you. Fair enough. Let me try that again. Brian Long on behalf of Appellants. You should have your court voice. Court voice it is. So I know you've read the papers. I just have a few summary points, and I'm happy to answer any questions, and I'll reserve the balance of my time for rebuttal. First, I think the notice of removal in this case unquestionably meets the standard in DART Cherokee. Even in its sua sponte remand order, the court said that our allegation of the mountain controversy was plausible. Well, that's all that's required. If the court had a problem with the evidence that was submitted, it was incumbent upon the district court to provide us an opportunity to submit additional evidence. Similarly, if plaintiffs challenged it, which they didn't down below, it was still incumbent upon the court to give us that opportunity. So that's point one. Let me ask you this. Assuming we were, I'm just, I'm not telling you we're doing this. I'm just asking you to assume this for purpose. Assuming we were to remand to the district court to allow the parties to present evidence and argument on the amount of controversy, in your view, should our decision address only the issue of the pleading standard under the Supreme Court's decision of DART Cherokee and our decision in Ibarra, or should our decision also address other issues, including the district court's treatment of Marriott's assumptions and attorney's fees? I agree with the latter, Your Honor. Why? Why? The district court didn't get there. Well, the district court did get to the issue of whether or not prospective attorney's fees can be considered. I agree with you there. And I think that was, you have a strong argument there. And I think that's clear here. But since we're talking about attorney's fees, if we could talk about that for a minute. I think your application requested 25%. And what our case law talks about in Fritch is that the defendants have the burden to prove by a preponderance, and there has to be, and they must be included if there's a fee-shifting statute or they're available by contract. Did you make that showing here? I believe that we did, in that the benchmark of 25% is standard, and there are several cases from this court that have support. Standard. Did you talk about a fee-shifting statute or a contract that would allow this? So fees are sought, and we did in the notice of removal. Fees are sought by every cause of action in the plaintiff's complaint. So they're seeking fees. Are they available by statute for every cause of action? Yes and no. Right. And so on remand, it seems to me that this is all fair game and it would be your burden. And I'm not trying to give you a hard time on that. It's just that it does seem to me to be in the case that, I think your real point in answer to my question is that you think there was an error there. I do. The district court said there's a sort of a split between other district courts and perhaps overlook Fritch. Is that your? I believe that the district court was citing district court cases that did not credit this court's opinions, both in Chavez and in Fritch, that prospective attorney's fees should be considered. The district court's decision in this case was not that the attorney's fees cited in the notice of removal were unreasonable or unsupported, as much as it was that the court was taking the position that prospective attorney's fees should not be considered. Right, but you're not, I think, contesting that on remand it still would be your burden to prove them up, or not prove them up, but to make a demonstration that it's your burden to show, I think, by a preponderance that these would be reasonable. And then they must be included. To the extent that they're challenged by either the district court or, in this case, plans for respondents. Otherwise, we've met the standard under DART-Cherokee. If they are challenged. Maybe I'm tripping over that. Isn't your contention that the district court challenged these? I believe that the district court did. Booted them. So it seems to me that he challenged them, but. Fair enough, Your Honor. This was a little unusual procedurally because it was sua sponte, too, right? Which makes it difficult to fully develop the record and respond to it. So I do appreciate that we're here today before Your Honors to discuss it. I do believe that the district court challenged it. It's unclear to me on what basis the district court challenged it or what standard of review or burden of proof the district court applied. What do you think the next step should be? If he says on remand, let's just pretend that we're there. The next step is? Remand for the purpose of considering whether or not. Well, for me, it's based off the sua sponte order. It's unclear to me whether the district court was holding appellants to a higher standard that was in laud remote. I'm unclear on that. If we were being held to a legal certainty standard, and that's where the district court's remand order stemmed from, and the district court viewed that under the preponderance of evidence standard that should be applied, we've met our burden, then simply that should be the instruction, that if viewed under that lens, the evidence already submitted with a notice of removal is sufficient, then the court should be ordered to take jurisdiction of the case and proceed forward. As we've described in Ibarra, right, pick up there. Right. As you've described in Ibarra, you have declaratory or summary judgment type evidence. I understand from Respondent's Brief that they take issue with one of the declarations. It's submitted in support of removal. But it was a removal. So if additional evidence is required and they're challenging it, at least here, then we should be provided an opportunity to present that evidence. Right. So that's what I – oh, forgive me. I'm sorry. No, go ahead. I'm just trying to get – following up on Judge Callahan's point, it was sua sponte. So this back and forth hasn't happened yet. It hasn't happened. And I think perhaps some direction from this court would be useful as to what would likely be expected or should be evaluated and under what lens. Well, what should happen? Let's go back to when you filed your notice of removal and the district court evaluated your notice of removal and sua sponte entered the remand. What should district courts do in these cases? Not so much this case. But what should district courts do in these cases? Because I don't think, whether it be this circuit or other circuits, you want to see all of a sudden hearings on every notice of removal to determine whether or not the jurisdictional amounts have been met. If you just limited that to CAFA, that would be enough additional work. So what should they do? So I don't presume to know what an Article III judge should do, Your Honor. I can tell you what I have seen. What do you suggest we should do? I would suggest that they issue orders to show cause regarding jurisdiction. I've seen many other cases. In all cases? No, and only in a case where the court itself has a question about whether or not jurisdiction exists. If the court has no question and it's not challenged by the non-removing party, well, then there's jurisdiction unless it's later proved that that's based on some false assumption. Well, isn't there certain assumptions that, at the pleading stage, the case law would seem to say that you can rely on and that there could be challenges later as to that, but it seems that the district court may have just, the district court appears to maybe have imposed on Marriott the burden of proving its assumptions were correct and that it, in fact, violated the law and did so as frequently as assumed in the estimate of the amount in controversy and that a barra allows for a chain of reasoning that includes assumptions. So that the district court, the argument, I guess what I'm seeing is it seems like sua sponte didn't allow for those assumptions, the chain of reasoning of the assumptions, and that's just at the pleading stage. I would agree with that, and I think that really does go to the heart of the issue of whether there is a requisite amount of controversy, again, at the time of removal. Here, the bulk of the amount in controversy comes from off-the-clock work and rest-break claims. Those are claims that necessarily don't have records for an employer to produce. For starters, we can't tell how many of these people work full-time as opposed to part-time. I mean, we just didn't get there yet. We didn't get there yet, and certainly my client would be happy, willing, and able to submit additional information to show that point. But once they do that, there still needs to be, to Judge Callahan's point, the assumption of a violation rate. We have said in a barra that some assumptions are going to be permissible for sure. Right. But just as you haven't had an opportunity to really support your notice, there's been no opportunity from the other side to take shots at it. So it feels to me that this conversation feels premature. I would agree with that up until the point, except that there is a time frame within which to file a motion to remand. One was not filed. So there was a time frame for taking a shot at it. I'm not suggesting that if we were to go back and submit additional evidence, that that evidence couldn't be contested by a respondent in this case. But they did already have that opportunity. Do you agree that what the – because we talk about and DART talks about, DART Cherokee talks about if the opposing party or the court takes issue. I think it uses the word challenges. Challenges. And in this case, I think it's fair to characterize the district court's sua sponte order as a challenge to the removal, but a challenge which we had no opportunity to respond to. Okay. What significance, if any, does the fact that in state court now the plaintiff has disavowed seeking more than $5 million, does that have any significance or should it? It would have, but for the United States Supreme Court's decision in standard fire versus nulls, which specifically addressed that exact point, Your Honor, and the court was clear that stipulating to less than $5 million in controversy is insufficient to deprive this court of jurisdiction for a couple reasons, but primarily this isn't a certified class. Counsel for a respondent cannot stipulate on behalf of absent class members as to what they will recover. This is not an individual case. This is a putative class action. So the United States Supreme Court has said that that should not impact this court's analysis on jurisdiction. What if on remand, what if on, if you use the right word, if we send this back to the district court, if they come before the district court and make that same representation, does it make any difference? It doesn't, Your Honor. Again, it's not a certified case, and if you were to send it back to the district court, the district court will be looking at the amount in controversy at the time of removal. Because what, so standard fire said that a Supreme Court, that they said that because a putative class representative cannot bind an absent class before class certification, right? That's correct. So the stipulation is not? The stipulation has no impact on the analysis here. Okay. Do you want to reserve the balance of your time? I will, Your Honor. Thank you. Good morning. Sam Geshkin for the respondents. Good morning. May it please the court. Your Honor, the respondent does not dispute the violation rates that the appellant is using. The respondent's main issue here is with the fact that in the notice of removal that was filed and then the permission to appeal that was filed, no disclosure was made with regards to the petition to settle that was entered in the Orange County Superior Court. There was a settlement reached in Orange County Superior Court which provided for release of what the defendant alleges all. He didn't make a motion to remand. The district court just sua sponte, you know, gave it the boot. And, you know, prior to some of our cases on class action that, you know, it seems like the district court was operating under the premise that removal, you know, should be looked at skeptically and that it, and there's nothing in our case law that, in fact, our case law is to the contrary saying that under CAFA that, you know, that they're entitled to certain assumptions at just the pleading stage. And the district court just said, hey, sua sponte, boot. And there was, you know, there wasn't any opportunity to even go any further than that. So I'm wondering why doesn't the Supreme Court's decision in Dart, Cherokee, and our decision in Ibarra require that the district court's decision be vacated and that the parties can present evidence and argument on the amount of controversy? Your Honor, I'll submit to you that we don't even get to that in this particular case for this reason. In this case, defendant alleges, and they filed a summary judgment motion here, that all of plaintiff's claims, all of plaintiff's claims were released as part of a separate class action settlement. Well, I don't know how you can, what legal authority is supporting your argument that the defendant's position taken at the merits of the plaintiff's case, like merit summary judgment briefing in the recent state court, can be considered in assessing the amount in controversy? Your Honor, defendant, the appellant argues that whatever. Well, give me a case. As far as the case, Your Honor, I'm just relying on the facts on the record. As of the date of the removal, October 12, 2018, here is what the appellants knew. The appellants knew that there was a class action settlement preliminarily approved in Orange County. As of the date of the removal, in their motion for summary judgment declaration, the appellant says, we contacted plaintiff's counsel and informed him that all of your claims were released as part of the separate class action settlement in the Orange County Superior Court. You seem to be arguing a version of binding judicial admission or something. That there's somehow a stop from making the argument here. I'm struggling for legal theory or authority. I think I share Judge Callahan's concern. Your Honor, the legal theory is defendant was aware at the time that they could not possibly meet the amount in controversy requirement at the time the notice of removal was filed. Well, they're not admitting that. Well, wait a minute. Right, right, they're not. And so when you say they are, I don't mean wait a minute to Judge Callahan, sorry. I'm trying to respond to you, counsel, forgive me. But when you say they were aware of that, where is that admission? Your Honor, this is in their motion of summary judgment on page 28. In state court. It's in state court, correct, but it's also referenced in the answering brief. So that gets us back to are you arguing they are bound by an admission, a judicial admission that they were pleading? Correct. Okay, have we ever, getting back to Judge Callahan's question, have we ever taken state court statements in this kind of situation where we're batting a case back and forth in CAFA and said that any statements made in state court are binding as to the removal? Your Honor, I don't, none of the cases that the appellant is citing to have a situation where there is a class settlement providing for release potentially to all of our plaintiff's claims. None of them have said that. Because they got kicked out of federal court. Now they're in state court. They're appealing here, but they got kicked out, and so then they've got to deal with what they've got to deal with there. They never got a chance in federal court to even, you know, the judge said, hey, I'm getting rid of this. You're out. And if this was all on the table, all this happening over here in state court, now I'm struggling to understand why that wasn't raised by you in federal court in a motion to remand. But you're raising it now. Right, Your Honor. That is correct, but we are in the state court. Yeah, but that's not what we hear about. We hear about whether or not you're rightly in the state court. Right, and under Loudermilk, Your Honor, if defendant, if the appellant knows of what plaintiff's claims are worth, how is it not pure speculation that plaintiff's claims could be worth more than $5 million or worth anything when it is aware and it's stating to the state court what his claims are worth? Well, that's a possible defense that they have. Somebody may look at that defense and say there was no consideration for that settlement. They did opt, you know, they did or didn't opt out of that prior case. It just seems to me you're confusing what we hear about. We hear about whether or not this case should have stayed in federal court or whether or not they should have at least been given an opportunity to validate the amount and controversy requirement which led them to get to state court. Your Honor, I will submit that this case should not be the one where that's decided for the reasons that I've mentioned earlier because of what the procedural background is in this particular case. Part of the procedural background is this was a sous-pente order entered by the court and the parties, I keep saying, didn't get this far and the district court hasn't had a chance to really assess your challenge to if there's going to be one. Certainly the district court challenged the figures, if I can just use that term, the notice of removal provided by the defendant. So why shouldn't the district court at least be the first one to decide whether or not there's reason to doubt some of the assertions here on the basis of admissions made in state court? I mean, none of this has been argued in district court. That is correct, Your Honor. And plaintiff responded to not file a motion to remand in state court. I'm sorry? Responded to not file a motion to remand in state court. As you correctly pointed out, that is an issue that the respondent can raise. However, Your Honor. Well, let me ask you this then. On the issue of attorney's fees, your brief did not even address our decision in Fritch v. Swift Transportation. Do you agree that under Fritch, prospective attorney's fees must be considered in the assessment of the amount in controversy? Your Honor, no, it shouldn't be considered because if the- Okay, but that was before Fritch. Right. Now, I mean, you're in the Ninth Circuit. Are you telling us that Fritch didn't say that? No, we're not saying that, Your Honor. All right, so then- So what I'm saying- Are you- What I'm saying, Your Honor, is if the underlying numbers that form the basis of the attorney's fees, the underlying, whether it's the overtime, whether it's the rest break, and we have assumed violation rates there- Do you agree that under Fritch, prospective attorney's fees must be considered in the assessment of the amount in controversy? Yes, only if the underlying numbers are not pure speculation as we have maintained, Your Honor. Fritch says the defendant has to prove them by a preponderance, or has the burden, I should say. Right. By a preponderance, we have to look to see if there's a fee-shifting statute. We have to see if there's a contract. I mean, it's not automatic, to be sure, but Fritch uses the word must. If those prerequisites are met, I think our case law is that fees must be included. Right. And, Your Honor, I'm not- Is that right? I mean, that is the question Judge Callahan, I think, is trying to- In light of Fritch, yes. In light of Fritch, it should be considered, but again, the underlying- It's not considered. I just want to- It must be considered in the assessment of the amount in controversy. That's what Fritch says. Correct. And unless you can tell me that Fritch doesn't bind you or this court, because it's a Ninth Circuit case, and we're sitting as a three-judge panel, and we have to follow our own precedent, the only one that can change that is an en banc panel. So, if we have to follow it, it would seem that you have to follow it, too. That is correct, Your Honor, and we have not disputed, in our brief, the application of- You didn't even address it. Correct. Correct. You just pretended it didn't exist. So, there's some, I think, extra confusion added in here, because what the defendants did in their notice of removal is peg this. I guess he's calling it a standard. Opposing counsel is calling it a standard 25% rate, and that's not what Fritch says. So, to the extent you're talking about thinking that the other components of your damages claim were proved in a way that you think is insufficiently particular, that they were speculative, then 25% on that is speculative. I appreciate that argument. I think you've made that here today, but what we're trying to focus on is a different point. Which is, it may not be 25%, and I think they do have to prove up these other prerequisites, but Fritch says they must be included, and it seems to me that that is something that district court did not account for in his order. Do you agree? I agree, Your Honor. I agree that the attorney's fees portion should be, must be accounted for. My focus here today and my argument that I wanted to focus on is the procedural posture in the case and the fact we don't get to these issues, that this case should not be the one where this issue is decided for a very simple reason. There is, prior to the notice of removal, prior to the permission to appeal, filed certain knowledge with the appellants that plaintiff's claims are worth nothing. This is what... It's in another proceeding. We have to deal with the proceeding that is in front of us, and we have to evaluate on a sua sponte motion where Ibarra holds that they're entitled to certain assumptions that Ibarra, we held that the removing defendant may rely on reasonable assumptions in assessing the amount and controversy. So why are Marriott's assumptions about the frequency of violations alleged in the complaint unreasonable for just the purposes of pleading? Right, Your Honor. So there are... This is the right place to talk about it. Absolutely. So I don't... Come out of state court. You're in federal court. Be here. Absolutely. So there is the 30 minutes per week for the meal period, I'm sorry, the overtime violations, and one to five rest break violations per week. So the 30 minutes, where do we stop? How is this not a speculation? How do we know if there is... Your Honor, the defendant is aware of the information to support this or provide evidence to support this particular removal. The defendant just reached a resolution, as I mentioned, so they could have clearly substantiated this in the removal or to this court that there is evidence substantiating the removal. Well, they haven't done that. We can make the same assumptions that only 10 minutes overtime was worth. As the district court correctly pointed out, equally valid assumptions can be made to the contrary to defeat the amount of controversy requirement here. Whatever plaintiff or defendant says here today is exactly what we're left with. It's just pure speculation. All right. Well, let me pin you down here that you seem to say that the fact that your client's willing to stipulate that it's less than $5 million, that that should save the day for you. And Standard Fire Insurance v. Knoll seems to say exactly to the contrary. Now, that's not even just the Ninth Circuit. That's the U.S. Supreme Court. So do you agree that Standard Fire says that that stipulation doesn't get you where you want to go? Your Honor, in light of Standard Fire, it is correct. Just that alone will not be sufficient. Right, but Standard Fire was in 2013, and you made the argument after Standard Fire. No, I understand. So what I'm saying is it was just that argument correct. However, it was an argument that defendant's knowledge regarding plaintiff's worth, here is an additional statement to you that we're stipulating our claims worth less. I understand the Standard Fire's application. If it was just plaintiff's offer, hey, we'll stipulate to cap our damages under $5 million. It wasn't just that. It was what defendant knew what plaintiff's claims are worth. And in addition to that, the stipulation that was offered, taken together, Your Honor, this should be sufficient to defeat the amount of controversy. I'll reserve one minute for the rebuttal. Any additional questions? We don't have any additional questions. Thank you for your argument. Just very quickly, I thought I heard respondents say that they do not contest the violation rate, at least initially in the argument. That they don't what? Contest the violation rate of rest periods or off the clock. But if they do, I certainly agree with Your Honors that that issue should be addressed down below at the district court. The amount of controversy is determined at the time of removal. I think this court's precedent and the United States Supreme Court precedent, including the St. Paul case, are pretty clear about that. And it doesn't take into account the strength of defendants or appellants' defenses. So the issue is not whether or not defendant appellants believe that ultimately they'll prevail and win out on the case. The issue is whether the amount being sought by the respondent in this case exceeded the $5 million controversy at the time the case was removed. So at the time the case was removed, had a settlement already been reached? There had been a preliminarily but not finally approved settlement. Oh, forgive me. I didn't mean to interrupt. Go ahead. And the plaintiff in this case had not opted out of that settlement. The period to opt out or object to that settlement had not occurred. And so that settlement was not final at that point. Do you agree that if this case is remanded and the parties are given an opportunity to litigate this, that that's fair game for the plaintiff to offer? In challenging the amount in controversy? The district court. Again, it's a difficult situation in that we'll be asking the district court essentially to use a time machine and go back to October of this last year. Well, district courts are pretty good at that. But I just wanted the narrow question. I haven't seen it done before. I don't know why it couldn't be done. They said, hey, Judge, over in state court they've made this deal. So they have a pretty good idea and it contradicts what's happening here. Would that be fair game? It would not to the extent that, well, had plaintiff agreed at the time to limit their complaint based upon the terms of that settlement, when we removed, then certainly it would have. However, they knew about, yes, appellants knew about that settlement at the time, but so did respondent.  So in other words, irregardless of that settlement, they were still seeking that amount in controversy. And so that supported jurisdiction and removal. That would be your response, but I'm trying to figure out whether you think they could make the argument. I guess you've probably answered the question. I appreciate it. Thank you. If there's nothing else, I have nothing for it. We have no additional questions. Thank you. If that's your argument, this matter will stand submitted.
judges: Fisher, Callahan, Christen